UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
───────────────────────────────────────────

LEA REICH on behalf of herself and
all other similarly situated consumers

                              Plaintiff,

      -against-

NORTHSTAR LOCATION SERVICES, LLC

                             Defendant.

───────────────────────────────────────────

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff Lea Reich seeks redress for the illegal practices of Northstar Location Services, LLC in which it unlawfully engaged in the collection of consumer debts in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

### *Parties*

2. Plaintiff is citizen of the State of New York who resides within this District.

3. Plaintiff is consumer as that term is defined by Section 15 U.S.C. § 1692(a)(3) of the FDCPA.

4. The alleged debt that Defendant sought to collect from the Plaintiff involves a consumer debt.

5. Upon information and belief, Defendant's principal place of business is located within Cheektowaga, New York.

6. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

7. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

8. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, within this district.

### *Allegations Particular to Lea Reich*

10. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

11. On or about March 3, 2014, Defendant sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

12. Said letter states in pertinent part as follows: "The above account has been referred to our office by BARCLAYS BANK DELAWARE in a pre-legal status. Please be advised that our collection efforts are the last step before this account will be closed and returned to BARCLAYS BANK DELAWARE, who will forward the account to an attorney network."

13. Said language is including, but not limited to, a threat to take unintended legal action.

14. Upon information and belief, as of the date of receipt of the said letter up until the date of the filing of this Complaint, the Plaintiff did not receive any communication from any attorney network.

15. The least sophisticated consumer would interpret the language in the said letter to mean that legal action was authorized by the Creditor, and imminent.

16. The FDCPA prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §§ 1692e and 1692e(10).

17. Defendant violated 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10) of the FDCPA by threatening that the Plaintiff's account would be returned to the Creditor who would then forward the account to an attorney network, and for false and deceptive acts.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of herself and the members of a class, as against the Defendant.*

18. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through seventeen (17) as if set forth fully in this cause of action.

19. This cause of action is brought on behalf of Plaintiff and the members of a class.

20. The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter, (a) bearing the Defendant's letterhead in substantially the same form as the letter sent to the Plaintiff on or about March 3, 2014; (b) the collection letter was sent to a consumer seeking payment of a personal debt purportedly owed to Barclays Bank Delaware; and (c) the collection letter was not returned by the postal service as undelivered; and (d) the Defendant threatened that the Plaintiff's account would be returned to the Creditor who would then forward the account to an attorney network, and for false and deceptive acts in violation of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10) of the FDCPA.

21. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(a) Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

(b) There are questions of law and fact common to the class and these questions predominate over any question(s) affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

(c) The only individual issue involves the identification of the consumers who received such collection letters, (*i.e.* the class members). This is purely a matter capable of ministerial determination from the records of the Defendant.

(d) The claims of the Plaintiff are typical of those of the class members. All of the respective class claims are based on substantially similar facts and legal theories.

(e) The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

22. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

23. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

24. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

25. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

26. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in her favor and against the Defendant and award damages as follows:

(a) Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k);
 And

(b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
February 18, 2015

/s/ Adam J. Fishbein
Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

/s/ Adam J. Fishbein
Adam J. Fishbein (AF-9508)

4285 Genesee Street  
Cheektowaga, NY  14225-1943

**NORTHSTAR**
**LOCATION SERVICES, LLC**
1-866-610-2726
Hours Mon-Thur 8AM-10PM ET,
Fri 8AM-8PM ET, Sat 8AM-2PM ET

March 3, 2014

| Creditor | BARCLAYS BANK DELAWARE / BARCLAYCARD REWARDS |
|---|---|
| Account # | ************6258 |
| Balance | $2,384.63 |
| Amount Remitted | $ |

201400000123863-PL1    1 AB    *A-01-FYA-AM-06772-30

LEA REICH  
1871 55TH ST  
BROOKLYN NY 11204-1907

NORTHSTAR LOCATION SERVICES, LLC  
ATTN:  FINANCIAL SERVICES DEPT.  
4285 GENESEE ST  
CHEEKTOWAGA NY 14225-1943

---

*To ensure proper credit, return this portion with your payment.*

| Creditor | Account # | Balance | Amount Remitted |
|---|---|---|---|
| BARCLAYS BANK DELAWARE / BARCLAYCARD REWARDS | ************6258 | $2,384.63 | |

The above account has been referred to our office by BARCLAYS BANK DELAWARE in a pre-legal status. Please be advised that our collection efforts are the last step before this account will be closed and returned to BARCLAYS BANK DELAWARE, who will forward the account to an attorney network. Your account is listed as delinquent with a total amount due of $2,384.63.

This does not alter or amend your validation rights as described below.

This communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt to be valid. If you notify this office in writing within 30 days of receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

To make paying your account more convenient we offer the following payment options:
- Check-by-phone at 1-866-610-2726
- MoneyGram ExpressPayment
- Credit or Debit Card
- Web Pay at www.gotonls.com
- Pay in person at our office
- Enclose your payment in the envelope

You may contact Maggie Long toll free at 1-866-610-2726  to make your payment.

This collection agency is licensed by the Department of Consumer Affairs, the City of New York License # 1179143.



Payment website: https://www.gotonls.com

TNCO